# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 24-1218V

JASMINE DENNIE,

                 Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                 Respondent.

Chief Special Mater Corcoran

Filed:  November 24, 2025

*Elizabeth Kyla Abramson, Mctlaw, Washington, DC, for Petitioner.*

*Julianna Rose Kober, U.S. Department of Justice, Washington, DC, for Respondent.*

### <u>ORDER VACATING JUDGMENT AND WITHDRAWING DECISION</u>[1]

On October 20, 2025, Petitioner filed a joint motion on behalf of the parties requesting that the Judgment related to my award of attorney's fees and costs in this case be amended to reflect a lower amount of attorney's costs following the unexpected receipt of a $500.00 refund from Petitioner's expert. ECF No. 42.

Vaccine Rule 36(a) allows a party to obtain relief from judgment in two ways: either by filing a motion for reconsideration pursuant to Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"), or by seeking relief from judgment pursuant to RCFC 60. If the case was assigned to a judge for review, the motion will be referred to the same

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

judge. Vaccine Rule 36(a)(1). Otherwise, the motion will be referred to the special master assigned to the case. Vaccine Rule 36(a)(2).[2]

In determining whether a judgment should be set aside or altered, "the need for finality of judgments" must be balanced against "the importance of ensuring that litigants have a full and fair opportunity to litigate." *Kennedy v. Sec'y of Health & Hum. Servs.*, 99 Fed. Cl. 535, 539 (2011) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 276 (2010); *see also Bridgham by Libby v. Sec'y of Health & Hum. Servs.*, 33 Fed. Cl. 101, 104 (1995) (discussing the "tension between the goals of ensuring that the court's judgment appropriately reflects the adjudication of the parties' rights and of providing the parties with certainty as to those rights").

Pursuant to the RCFC 60, "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." RCFC 60(a). Additionally, a party may request relief from final judgment for the specific reasons listed in RCFC 60(b)(1)-(5) or the "catch all" provision at RCFC 60(b)(6). Similar to RCFC 60(a), RCFC 60(b)(1) allows post judgment relief for "mistake, inadvertence, surprise, or excusable neglect." I have previously discussed the differences between RCFC 60(a) and RCFC 60(b)(1) in *Williamsen v. Sec'y of Health & Hum. Servs.*, No. 10-0223V, 2014 WL 1388894 (Fed. Cl. Spec. Mstr. Feb. 5, 2014).

As in *Williamsen,* I the relief requested is permissible under Rule 60(a), even if the Rule 60(b)(1) standards or vacating a judgment cannot be satisfied. *Williamsen,* 2014 WL 1388894, at *2. That rule permits me to correct "a clerical mistake or a mistake arising from oversight or omission." RCFC 60(a). And I deem the unexpected refund of $500.00 from Petitioner's expert to constitute the sort of *de minimis* clerical error that is properly addressed via relief from judgment.

**Accordingly, Petitioner's Motion is <u>GRANTED</u>. The Clerk of the Court is hereby instructed to <u>VACATE</u> the Judgment entered on October 15, 2025, at ECF No. 41, and WITHDRAW the Decision on Attorney's Fees issued on October 10, 2025, at ECF No. 39, and public version of the Decision on Attorney's Fees issued on**

---

[2] This sharing of authority over judgments between judge and special master was determined to be appropriate, since Vaccine Rule 36 allows for immediate review of the special master's ruling. *Vessels v. Sec'y of Health & Human Servs.*, 65 Fed. Cl. 563, 568 (2005).

**November 12, 2025, at ECF No. 43.** A corrected Decision on Attorney's Fees will be reissued separately.

Any questions about this order or about this case generally may be directed to OSM staff attorney, Stacy Sims at (202) 357-6349 or email: Stacy_Sims.cfc.uscourts.gov.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master